UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JONATHAN MULLANE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 19-10407-LTS |
| RALPH D. GANTS, et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER

March 26, 2019

SOROKIN, J.

For the reasons set forth below, the Court allows Plaintiff's motion for leave to proceed *in forma pauperis* and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    BACKGROUND

Jonathan Mullane, proceeding *pro se*, commenced this action against two state court judges and the Attorney General for the Commonwealth of Massachusetts. *See* Docket No. 1. With his complaint, Mullane filed a motion for leave to proceed *in forma pauperis*. *See* Docket No. 2.

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 and is captioned "*Ex Parte Young* Complaint for Injunctive and Declaratory Relief." The complaint consists primarily of a recounting of events surrounding Mullane small claims action against Barclays Bank Delaware ("Barclays") in Cambridge District Court as well as his unsuccessful efforts to appeal from, and seek a jury trial concerning, a judgment entered in favor of Barclays as to both Mullane's claims and Barclays' counterclaims. Specifically, Mullane contends that his Seventh Amendment right

to a jury trial was violated when the district court judge denied Mullane's request for a jury trial on Barclay's counterclaim. Mullane further complains that the Chief Justice of the Supreme Judicial Court denied Mullane's request for extraordinary relief. Because there was no trial and no entry of final judgment, Mullane argues that the instant action is not barred by the *Rooker-Feldman* doctrine. Additionally, Mullane argues that this federal court should not abstain from hearing his claims because there is no adequate state remedy and the claims pertain to substantive constitutional rights.

For relief, Mullane seeks, among other things, declaratory relief as well as "a mandatory injunction and order barring enforcement of the unconstitutional state court judgment against Plaintiff." *See* Complaint, p. 10 (prayer for relief).

II. SCREENING

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Additionally, a district court has inherent authority to dismiss a frivolous or malicious complaint *sua sponte*. *Lopez v. Baker*, No. 18-10183-LTS, 2012 WL 2170325, at *1 (D. Mass. May 10, 2018) (citing *Mallard v. United States District Court*, 490 U.S. 296, 307-08(1989); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000)).

In conducting this review, the Court liberally construes the plaintiff's pleadings because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

III. <u>DISCUSSION</u>

Although the status of Mullane's state court actions are not entirely clear from the complaint, Mullane is clearly dissatisfied with the state court rulings in his case against Barclays, and the ruling on Barclays' counterclaim in particular. Mullane argues that the *Rooker-Feldman* and the *Younger* doctrines are not applicable, however, his legal position is based on a misguided reading of the law. This action either is barred by the *Rooker Feldman* or the *Younger* abstention doctrine because Mullane is either impermissibly seeking the assistance of this federal court in reviewing a state court judgment or in interfering with an on-going state proceeding. The Court, therefore, either has no jurisdiction or should abstain from exercising its jurisdiction.

As an initial matter, the federal Anti–Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from granting an injunction to stay proceedings in a state court except in very limited circumstances, none of which apply here.

To the extent that proceedings are ongoing in state court, the Court will abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, a federal court must abstain from reaching the merits of a case over which it has jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." *Rossi v. Gemma*, 489 F.3d 26, 34–35 (1st Cir. 2007). Mullane's request for this federal court to interfere with any of his pending proceedings in a Massachusetts state court warrants *Younger* abstention.

To the extent Mullane challenges a state court judgment, the *Rooker-Feldman* doctrine deprives this court of subject matter jurisdiction. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the *Rooker-Feldman* doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine prevents federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, Mullane seeks federal district court review of state court rulings because he believes that the rulings are wrong and injurious to him. Despite Mullane's argument to the contrary, this court finds that Mullane had an adequate opportunity to raise his federal claims in the state proceedings. To adjudicate such claims, this federal court would necessarily be called upon to review the validity of the state courts' orders, which is precluded by the *Rooker-Feldman* doctrine.

Although the Court often affords *pro se* plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases *sua sponte*," *Gonzalez–Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Id.* at 36–37. The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(3).

IV.   CONCLUSION

Accordingly,

1. The motion to proceed *in forma pauperis* is GRANTED.

2. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk is directed to enter an Order of Dismissal.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge